**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Barta, et al., | No. CV-23-00211-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Dealer Trade Incorporated, | |
| Defendant. | |

Pending before the Court is a motion to dismiss for lack of subject-matter jurisdiction filed by Defendant Dealer Trade, Inc. ("Defendant"). (Doc. 19.) For the following reasons, the motion is denied.

## RELEVANT BACKGROUND

On February 1, 2023, Plaintiffs William Barta and Leeder Automotive, LLC (together, "Plaintiffs") initiated this action by filing the complaint. (Doc. 1.)

The complaint alleges that in June 2022, Plaintiffs bought a boat from Defendant for $73,000. (*Id.* ¶¶ 1-2, 17.) Plaintiffs also paid $1,250 to a third-party transportation service to deliver the boat to them. (*Id.* ¶ 18.) Before agreeing to buy the boat, Plaintiffs reviewed one of Defendant's online advertisements, which contained various representations and warranties concerning the boat. (*Id.* ¶¶ 1-2, 11-17.) However, "[u]pon delivery of the Boat to Plaintiffs, it was discovered that [Defendant's] express warranties and affirmative representations were false." (*Id.* ¶ 3, emphasis omitted.) Plaintiffs then asked Defendant "to rescind the sale transaction" but Defendant "refused." (*Id.* ¶¶ 27-28.)

Based on these allegations, Plaintiffs assert claims for breach of express warranty, consumer fraud, fraudulent misrepresentation, negligent misrepresentation, and promissory estoppel. (*Id.* ¶¶ 29-61.) Plaintiffs seek compensatory damages of "no less than $70,000," an unspecified amount of punitive damages, and costs and attorneys' fees under A.R.S. §§ 12-341 and 12-341.01 "which exceed $5,000 to date." (*Id.* ¶¶ 35-36, 41, 48 & 9.)

The complaint also contains allegations intended to establish the existence of diversity jurisdiction. (*Id.* ¶¶ 5-10.) Specifically, the complaint alleges that Plaintiffs are both citizens of Nebraska, that Defendant is a citizen of Arizona, and that "[t]his Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." (*Id.*)

On February 7, 2023, Plaintiffs filed proof that Defendant had been served on February 1, 2023. (Doc. 6.)

On February 24, 2023, after Defendant did not respond to the complaint within the 21-day timeline prescribed by Rule 12(a)(1)(A), Plaintiffs filed an application for entry of default. (Doc. 12)

On February 27, 2023, the Clerk entered default. (Doc. 14.)

On February 28, 2023, Plaintiffs filed a motion for default judgment. (Doc. 15.) As relevant here, the motion requested an award of "$75,258.89 plus attorney's fees, interest, and taxable costs." (*Id.* at 6.) In an effort to substantiate this $75,258.89 figure, Plaintiffs provided a declaration from Barta as an attachment to their motion. (Doc. 15-1.) The Barta declaration explains that Plaintiffs paid $73,000 to purchase the boat, with the payment taking the form of an initial $3,000 deposit paid by credit card and a subsequent $70,000 wire transfer; that the $3,000 credit-card deposit was later refunded to Plaintiffs via a chargeback; that Plaintiffs separately incurred $2,375.57 in financing costs associated with the transaction; that Plaintiffs also paid $1,250 to a third party to transport the boat from Arizona to Nebraska; that Plaintiffs also paid $226.12 to a third party to inspect the boat

upon delivery; and that Plaintiffs also paid $1,407.22 "to winterize or otherwise attempt repairs on the Boat." (*Id.*)

On March 6, 2023, Defendant filed a motion to set aside the default. (Doc. 16.) After Plaintiffs filed a notice of non-opposition (Doc. 17), the motion was granted and the default was set aside. (Doc. 18.)

On March 20, 2023, Defendant filed the motion now pending before the Court—a motion to dismiss the complaint due to a lack of subject-matter jurisdiction. (Doc. 19.) The motion is now fully briefed and neither side requested oral argument. (Docs. 20, 21.) Additionally, after the motion became fully briefed, Plaintiffs filed a notice of supplemental authority. (Doc. 22.)

**DISCUSSION**

I.   Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss an action for "lack of subject-matter jurisdiction." "[I]n reviewing a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, we take the allegations in the plaintiff's complaint as true." *Wolfe v. Strankeman*, 392 F.3d 358, 362 (9th Cir. 2004). However, "in ruling on a 12(b)(1) jurisdictional challenge, a court may look beyond the complaint and consider extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1145 n.5 (9th Cir. 2003). The plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the parties are diverse. 28 U.S.C. § 1332(a). The amount in controversy is the "amount at stake in the underlying litigation," which comprises "any result of the litigation, excluding interests and costs, that entails a payment by the defendant," including "*inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016) (internal quotation marks and

citations omitted). *See also Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

"In determining the amount in controversy, courts first look to the complaint." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "Generally, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* (quotation omitted). *See also Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) ("Where the plaintiff originally files in federal court, the amount in controversy is determined from the face of the pleadings. The amount in controversy alleged by the proponent of federal jurisdiction—typically the plaintiff in the substantive dispute—controls so long as the claim is made in good faith. To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount. This is called the 'legal certainty' standard, which means a federal court has subject matter jurisdiction unless upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount.") (cleaned up).

II. The Parties' Arguments

Defendant argues that Plaintiffs cannot satisfy the $75,000 amount-in-controversy threshold for diversity jurisdiction because the complaint fails to mention that $3,000 of the $73,000 purchase price was refunded to Plaintiffs via a credit-card chargeback. (Doc. 19 at 1.) Defendant also contends the Court should disregard Plaintiffs' claim for punitive damages when evaluating whether the $75,000 threshold has been satisfied because "the mere possibility of a punitive damages award is insufficient to prove that that amount in controversy is met." (*Id.* at 2, citation omitted.) Finally, Defendant accuses Plaintiffs of filing this action in federal court as part of an improper scheme to obtain a strategic litigation advantage. (*Id.* at 2-3.)

Plaintiffs oppose Defendant's motion. (Doc. 20.) According to Plaintiffs, the

$75,000 threshold is easily satisfied here because the complaint itself identifies compensatory damages totaling more than $74,000, also includes a claim for punitive damages, and also seeks at least $5,000 in statutory attorneys' fees. (*Id.*)

In reply, Defendant includes a lengthy discussion of a prior lawsuit between the parties in Nebraska state court. (Doc. 21 at 1-2.) Turning to the merits, Defendant argues: "[Plaintiffs] have essentially admitted that the amount in dispute is less than $75,000. They request 'no less than $70,000' in their Complaint. In order to create jurisdiction, Plaintiffs now allege 'fraud' and seek punitive damages, counts that were not alleged in its Nebraska state court complaint. In order to increase Plaintiffs' damages to try to meet the jurisdictional [threshold], Plaintiffs allege to have incurred in excess of $5,000.00 attorney to prepare a Complaint. This Court should ask itself what lengths the Plaintiffs will go to create jurisdiction as it continues to forum shop." (*Id.* at 2-3.)

III. Analysis

The jurisdictional analysis here is neither close nor difficult. Even assuming, as Defendant contends, that Plaintiffs' claim for compensatory damages should be reduced by $3,000 to account for the chargeback that Plaintiffs subsequently acknowledged in their default-judgment motion, the complaint still alleges in good faith that Plaintiffs are seeking over $70,000 in compensatory damages. Additionally, the complaint asserts a breach-of-warranty claim, notes that the prevailing party on such a claim has a statutory right to recover its attorneys' fees under Arizona law, and specifically alleges that Plaintiffs have already incurred over $5,000 in attorneys' fees. *Chaurasia v. General Motors Corp.*, 126 P.3d 165, 174 (Ariz. Ct. App. 2006) ("Time after time, Arizona courts have held that a claim for breach of warranty does arise out of contract for purposes of A.R.S. § 12-341.01(A)."). Under Ninth Circuit law, such fees count toward the amount-in-controversy threshold. *Gonzales*, 840 F.3d at 648-49 ("This amount includes . . . attorneys' fees awarded under fee shifting statute."); *Galt G/S*, 142 F.3d at 1156 ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Thus, the $75,000

1  threshold is satisfied here regardless of whether Plaintiffs' claim for punitive damages is
2  also added to the mix.
3       Accordingly,
4       **IT IS ORDERED** that Defendant's motion to dismiss (Doc. 19) is **denied**.
5       Dated this 13th day of September, 2023.

Dominic W. Lanza
United States District Judge