**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Barta, et al., | No. CV-23-00211-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Dealer Trade Incorporated, | |
| Defendant. | |

Pending before the Court is a Rule 12(b)(6) motion to dismiss filed by Plaintiff/Counterdefendant Leeder Automotive, LLC ("Leeder"). (Doc. 30.) For the following reasons, the motion is granted.

**RELEVANT BACKGROUND**

On February 1, 2023, William Barta ("Barta") and Leeder (together, "Plaintiffs") initiated this action by filing the complaint. (Doc. 1.)

The complaint alleges as follows. In June 2022, Plaintiffs bought a boat from Dealer Trade, Inc. ("Dealer Trade") for $73,000. (*Id.* ¶¶ 1-2, 17.) Before agreeing to buy the boat, Plaintiffs reviewed one of Dealer Trade's online advertisements, which contained various representations and warranties concerning the boat. (*Id.* ¶¶ 1-2, 11-17.) However, "[u]pon delivery of the Boat to Plaintiffs, it was discovered that [Dealer Trade's] express warranties and affirmative representations were false." (*Id.* ¶ 3, emphasis omitted.) Plaintiffs then asked Dealer Trade "to rescind the sale transaction" but Dealer Trade "refused." (*Id.* ¶¶ 27-28.) Based on these allegations, Plaintiffs assert claims for breach of express

warranty, consumer fraud, fraudulent misrepresentation, negligent misrepresentation, and promissory estoppel. (*Id.* ¶¶ 29-61.)

On October 5, 2023, after unsuccessfully moving to dismiss the complaint for lack of subject-matter jurisdiction (Doc. 23), Dealer Trade filed an answer and counterclaim. (Doc. 24.)

On November 17, 2023, Dealer Trade filed an amended counterclaim. (Doc. 29.) The sole named counterdefendant is Leeder. (*Id.* ¶ 2.) In Counts One and Two, Dealer Trade asserts contract-based counterclaims premised on allegations that Leeder improperly failed to pay the agreed-to purchase price for the boat, improperly initiated a chargeback, and improperly retained the boat. (*Id.* ¶¶ 17-31.) In Count Three, which is the only counterclaim at issue here, Dealer Trade asserts a counterclaim for malicious prosecution. (*Id.* ¶¶ 32-41.) This counterclaim arises from an earlier lawsuit that Leeder filed against Dealer Trade, arising from the same boat transaction, in Nebraska. (*Id.*)[1] "The Nebraska litigation was dismissed because it was an improper forum for [Leeder] to bring its action." (*Id.* ¶ 15.) According to Dealer Trade, the Nebraska lawsuit qualifies as a malicious prosecution because it "was primarily motivated by malice," was brought "for an ulterior purpose not proper in the regular conduct of proceedings, including but not limited to exposing [Dealer Trade] to excessive attorney's fees and legal expenses while forum shopping," was brought "without probable cause and without a reasonable belief that [Nebraska] was the proper forum for adjudication of claims involving the sale of the Boat," and "was terminated in favor of [Dealer Trade]." (*Id.* ¶¶ 32-41.)

On November 29, 2023, Leeder filed the pending Rule 12(b)(6) motion to dismiss Count Three of the amended counterclaim. (Doc. 30.)

On December 15, 2023, Dealer Trade filed a response in opposition. (Doc. 31.)

On December 29, 2023, Leeder filed a reply. (Doc. 35.) Neither side requested oral argument.

---

[1] Although the amended counterclaim alleges that the lawsuit was filed in the United States District Court for the District of Nebraska, Dealer Trade has now clarified that it was filed in Nebraska state court. (Doc. 31 at 3 & n.2.)

**DISCUSSION**

I. <u>Legal Standard</u>

"[T]o survive a motion to dismiss [under Rule 12(b)(6)], a party must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1144-45 (citation omitted). However, the court need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679-80. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The court also may dismiss due to "a lack of a cognizable legal theory." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (citation omitted).

II. <u>The Parties' Arguments</u>

Leeder contends the elements of Count Three are "that Leeder: (1) instituted a civil action that was (2) motivated by malice, (3) begun without probable cause, (4) terminated in [Dealer Trade's] favor, and [5] damaged [Dealer Trade]." (Doc. 30 at 3.)[2] Beginning with the fourth element, Leeder contends that Dealer Trade has not established (and cannot establish) a favorable termination because the Nebraska action was dismissed for lack of personal jurisdiction, which does not qualify as a favorable termination for malicious-prosecution purposes. (*Id.* at 4.) Next, Leeder contends that Dealer Trade has not adequately pleaded a lack of probable cause, as required under the third element, because the allegations in the amended counterclaim on that issue are "conclusory" and

---

[2] Leeder also notes that although Count Three "is pled as [a claim] for malicious prosecution," "malicious prosecution is a term applied to the wrongful institution of criminal proceedings while the proper term in a civil context is wrongful use of civil proceedings." (*Id.* at 3, cleaned up.)

1  "threadbare" and "do not plausibly suggest that Leeder lacked a reasonable belief that it
2  could prevail in the Nebraska Action." (*Id.* at 4-5.) Leeder also identifies reasons why its
3  belief that Nebraska was a proper forum was objectively reasonable. (*Id.* at 5.) Finally,
4  Leeder contends that Dealer Trade has not adequately pleaded malice, as required under
5  the second element, for similar reasons. (*Id.* at 5-6.)

6  In response, Dealer Trade first argues that the Nebraska Action qualifies as a
7  favorable termination because "[w]hile a dismissal for lack of personal jurisdiction
8  typically does not involve the merits of the claims, there are instances, such as here, where
9  the jurisdictional issue is so intertwined with the substantive issues of a cause of action that
10  the question of jurisdiction is dependent on the resolution of the merits." (Doc. 31 at 3-4.)
11  Dealer Trade continues: "Leeder filed in Nebraska seeking application of Nebraska law.
12  The Nebraska court's determination that neither [Dealer Trade] nor the events at issue . . .
13  have even a minimal relationship with Nebraska is determinative that Arizona law applies.
14  Leeder must agree because its Complaint in this action references Arizona law. Thus,
15  [Dealer Trade] prevailed in the Nebraska Lawsuit on an issue that is determinative of the
16  substantive issue in this case of choice of law." (*Id.* at 5.) Next, Dealer Trade argues that
17  the lack-of-probable-cause element is satisfied because "the unambiguous terms of the
18  agreement between the parties stat[e] that an action must be adjudicated in Maricopa
19  County, Arizona" and Leeder did not, in any event, make the sort of showing necessary to
20  establish personal jurisdiction over a non-resident defendant. (*Id.* at 6-8.) Finally, Dealer
21  Trade argues that the malice element is satisfied for similar reasons. (*Id.* at 8-9.)

22  In reply, Leeder reiterates its contention that a dismissal for lack of personal
23  jurisdiction does not qualify as a favorable termination for purposes of a malicious
24  prosecution claim (Doc. 35 at 2-5 & n.2); argues that the supposedly contrary case cited by
25  Dealer Trade is distinguishable (*id.* at 4); notes that there appears to be "no legal authority
26  recognizing personal jurisdiction (as opposed to the tenability of the underlying claims) as
27  being subject to the probable cause element" (*id.* at 5-6); argues that, in any event, Leeder's
28  attempt to file suit "in Nebraska was tenable based on the facts alleged in the Nebraska

1  Action and Nebraska [personal jurisdiction] precedent" (*id.* at 6-7); and argues that Dealer
2  Trade's malice-related arguments fail for the addition reason that Dealer Trade "relies on
3  the unsupported assumptions that litigating the Nebraska Action would be more expensive
4  than litigating the matter elsewhere (and excessively so)" without pleading "any factual
5  allegations to support that this is the case" (*id.* at 6). Finally, Leeder contends that leave to
6  amend should be denied because amendment would be futile. (*Id.* at 7-8.)

III. <u>Analysis</u>

"There are five elements to a claim for wrongful prosecution of a civil action. Plaintiff must prove defendant (1) instituted a civil action which was (2) motivated by malice, (3) begun without probable cause, (4) terminated in plaintiff's favor and (5) damaged plaintiff." *Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 758 P.2d 1313, 1318-19 (Ariz. 1988).[3] The Court will limit the analysis here to the fourth element because it is dispositive.

"When a termination or dismissal indicates in some fashion that the accused is innocent of wrongdoing it is a favorable termination. However, if it is merely a procedural or technical dismissal it is not favorable." *Frey v. Stoneman*, 722 P.2d 274, 278 (Ariz. 1986). "The ultimate legal decision with respect to what constitutes a favorable termination rests with the judge. However, when the circumstances surrounding the termination of the prior proceedings are ambiguous, the determination of those circumstances belongs to the factfinder." *Id.* at 279 (citation omitted).

Here, there is no ambiguity surrounding the prior proceedings—the Nebraska action was dismissed without prejudice for lack of personal jurisdiction.[4] A dismissal for lack of

---

[3] Both sides agree that Arizona law applies here.

[4] Dealer Trade acknowledges that the Nebraska action "was dismissed for lacking jurisdiction" or "for lack of jurisdiction." (Doc. 29 ¶¶ 28, 40.) Additionally, Leeder has provided a copy of the actual dismissal order, which is incorporated by reference into Dealer Trade's pleading. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). In relevant part, the dismissal order provides: "The above-captioned matter came before the Court on October 17, 2022 for hearing on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. . . . Plaintiff has not sufficiently demonstrated that its jurisdictional allegations could be supplemented through discovery; therefore, Plaintiff's request for jurisdictional discovery is denied. Further, based upon the record and the relevant authority, this court lacks the basis to exercise personal jurisdiction over the Defendant,

personal jurisdiction does not qualify as a favorable termination in this context because it is "merely . . . procedural" and does not indicate, in any way, that Dealer Trade was "innocent of [the] wrongdoing" alleged in the dismissed action. *Frey*, 722 P.3d at 278. Notably, the Ninth Circuit has reached this exact conclusion in a decision (albeit unpublished) applying Arizona law. *Fish v. Watkins*, 298 F. App'x 594, 597 (9th Cir. 2008) ("Because the opinion dismissed Fish's claims for lack of personal jurisdiction, the underlying dispute was dismissed on a purely technical matter and did not terminate in Fish's favor.") (citing *Frey*, 722 P.2d at 277). Other courts have reached the same conclusion in cases involving jurisdiction-based dismissals. *See, e.g., Health Mgmt. Associates, Inc. v. Weiner*, 264 So.3d 747, 753 (Miss. 2019) ("[H]olding that a dismissal on the jurisdictional element in federal court does not reflect on the merits is consistent with caselaw from around the country."); *Gressett v. Contra Costa Cty.*, 2013 WL 2156278, *12 (N.D. Cal. 2013) ("In general, a resolution of the underlying litigation that leaves some doubt as to the defendant's innocence or liability is not a favorable termination. Instances in which courts have found sufficient doubt to deny the existence of a favorable termination include dismissals: (1) on statute of limitations grounds; (2) pursuant to a settlement; (3) on laches grounds; (4) *for lack of jurisdiction*; (5) for mootness; (6) for lack of standing; (7) for being premature; and (8) to avoid litigation expense.") (cleaned up) (emphasis added); *Gervais v. United States*, 2010 WL 610282, *12 (W.D. Wash. 2010) ("[T]he vast majority of jurisdictions have followed the rule that a dismissal of the underlying *civil* matter on technical or procedural grounds, such as for lack of jurisdiction, is not a favorable termination because the termination cannot be said to reflect on the merits or propriety of the action.") (citations omitted); *Murphy v. Lynn*, 118 F.3d 938, 948 (2d Cir. 1997) ("Certain types of dispositions that do not result from adjudication of the merits have generally been held not sufficiently favorable . . . . These include dismissals for lack of subject matter jurisdiction . . . .").

---

either generally or specifically. Accordingly, the court finds the present action should be and hereby is dismissed without prejudice." (Doc. 30-2.)

Dealer Trade's arguments to the contrary are unavailing. Even assuming, as Dealer Trade contends, that the Nebraska court's ruling might have some sort of preclusive effect with respect to future disputes between the parties over choice-of-law issues, that is not enough to qualify as a favorable termination. As noted, the *sine qua non* of a favorable termination under Arizona law is that the dismissal of the prior proceeding "indicates in some fashion that the accused is innocent of wrongdoing." *Frey*, 722 P.2d at 278. Foreclosing future disputes over choice-of-law issues is not tantamount to innocence of wrongdoing. Nor does *Pro Sales, Inc. v. Texaco, U.S.A.*, 792 F.3d 1394 (9th Cir. 1986), support Dealer Trade's position. As Leeder correctly notes, that decision "neither involves a claim for malicious prosecution, nor any analysis related to whether a prior dismissal is a favorable termination for purposes of such a claim." (Doc. 35 at 4.)

For these reasons, Count Three is dismissed. Additionally, Dealer Trade's request for leave to amend is denied. Rule 15(a) of the Federal Rules of Civil Procedure "advises the court that 'leave [to amend] shall be freely given when justice so requires.'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). "This policy is 'to be applied with extreme liberality.'" *Id.* (citation omitted). Thus, leave to amend should be granted unless "the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Here, amendment would be futile because it would be impossible for Dealer Trade to plead new facts that might transform the personal jurisdiction-based dismissal of the Nebraska action into a favorable termination.

…

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that Leeder's motion to dismiss (Doc. 30) is **granted**. Count Three of Dealer Trade's amended counterclaim is dismissed without leave to amend.

Dated this 13th day of March, 2024.

Dominic W. Lanza
United States District Judge