**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

William Barta, et al.,

Plaintiffs,

v.

Dealer Trade Incorporated,

Defendant.

No. CV-23-00211-PHX-KML

**ORDER**

Plaintiff William Barta and Leeder Automotive, LLC (collectively, "Leeder") purchased a boat from defendant Dealer Trade Inc. at an auction. After inspecting the boat, Leeder allegedly discovered Dealer Trade had made misrepresentations regarding the boat's condition. Leeder filed this suit against Dealer Trade asserting claims for breach of warranty, consumer fraud, fraudulent misrepresentation, negligent misrepresentation, and promissory estoppel. Dealer Trade responded by filing counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing. Those counterclaims were based on Leeder reversing its initial $3,000 deposit for the purchase of the boat that had been made via credit card.

The parties proceeded with discovery but in January 2025, Leeder's counsel moved to withdraw. On January 30, 2025, the court granted that motion but ordered Leeder to obtain new counsel. The court stated William Barta could proceed on his own behalf but Leeder Automotive could proceed only through counsel. (Doc. 60.) The court directed William Barta to file a statement no later than February 6, 2025, stating he planned to

proceed on his own behalf or for replacement counsel to appear on behalf of Barta and Leeder Automotive by that date. Neither Barta nor Leeder Automotive filed anything by that date.

Because it appeared Leeder had abandoned its claims, on March 21, 2025, the court ordered Dealer Trade to "file a motion requesting appropriate relief to bring this case to a close." (Doc. 61.) On March 27, 2025, Dealer Trade filed a motion to dismiss for lack of prosecution which included a request to strike Leeder's answer to the counterclaims and for default judgment in favor of Dealer Trade. (Doc. 62.) The same day it filed that motion, Dealer Trade also filed a motion seeking $15,520 in attorneys' fees. (Doc. 63.) Leeder did not respond to either motion.

**I. Dismissal of Leeder's Claims**

As the original plaintiff, Leeder had an obligation "to move [its] case to trial" and failure to do so allows its claims to "be dismissed with prejudice." *Rieken v. Timberland Bank*, 639 F. Supp. 3d 1128, 1133 (W.D. Wash. 2022) (simplified). Before dismissing Leeder's claims the court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (simplified). These factors support dismissal.

Leeder stopped communicating with its counsel months before its counsel moved to withdraw in January 2025. After counsel withdrew, Leeder refused to participate despite court orders requiring it do so. It is not possible for Leeder's claims to progress without its involvement. Both the public's interest in expeditious resolution and the court's need to manage its docket support dismissal. Leeder's decision to abandon its claims also risks prejudicing Dealer Trade as evidence will grow stale as time progresses. As always, there is a strong preference for resolving cases on their merits but given Leeder's abandonment of its claims, it is not clear how such a resolution could ever be reached. Finally, there is

no indication any less drastic alternative is available. Leeder abandoned its claims and defenses so imposing a less drastic alternative would merely delay the inevitable. Leeder's claims are dismissed with prejudice.

**II. Default Judgment**

Dealer Trade seeks default judgment on its counterclaims. The court must consider seven factors when deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* These factors establish default judgment is appropriate.

**1. Possibility of Prejudice**

The first factor regarding the prejudice to Dealer Trade weighs in favor of default judgment because if "default judgment is not granted, [Dealer Trade] will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

**2. Merits of the Claims and Sufficiency of the Complaint**

The second and third factors require assessing the merits of Dealer Trade's counterclaims and the sufficiency of its complaint. These factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [it] may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).

Dealer Trade alleges it entered into a contract with Leeder for the purchase of a boat. Leeder agreed to pay $73,000 for the boat and put down $3,000 via credit card as a deposit. The remaining $70,000 was wired to Dealer Trade. (Doc. 24 at 8.) After Leeder took possession of the boat, Leeder "submitted a chargeback of the $3,000 deposit" but "retains possession of the [b]oat." (Doc. 24 at 8-9.) Dealer Trade asserts the chargeback constitutes

breach of contract and breach of the implied covenant of good faith and fair dealing.

A claim for breach of contract requires the plaintiff show "existence of the contract, its breach and the resulting damages." *Thomas v. Montelucia Villas, LLC*, 302 P.3d 617, 621 (Ariz. 2013) (simplified). Accepting Dealer Trade's allegations as true, the parties had a contract, Leeder breached that contract by failing to pay the full purchase price, and Dealer Trade has been damaged as a result. Dealer Trade's complaint states a strong claim for breach of contract. The factors regarding the merits of the claim and the sufficiency of the complaint support default judgment. Dealer Trade appears to have abandoned its claim for breach of the covenant of good faith and fair dealing and the court need not analyze it further.

**3. Amount in Controversy**

The fourth default judgment factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Dealer Trade seeks $3,000 in damages, the exact amount resulting from Leeder's breach of contract. The amount in controversy supports entry of default judgment.

**4. Dispute Over Material Facts**

The fifth factor is whether there are any disputes over material facts. Leeder's decision to stop participating means there is no indication of such disputes. This factor weighs in favor of default judgment.

**5. Excusable Neglect**

Leeder initiated this litigation and participated in discovery but eventually stopped communicating with counsel and refused to respond to court orders. There is no indication Leeder's behavior is due to excusable neglect. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendants' failure to respond to complaint could not "be attributable to excusable neglect" because "[a]ll were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion."). This factor supports entry of default judgment.

**6. Policy Favoring Decisions on the Merits**

The seventh factor recognizes a preference for resolving matters on their merits. This factor, as always, weighs against entry of default judgment. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (quotation marks and citation omitted).

**7. Default Judgment is Merited**

On balance the factors support entry of default judgment, leaving only the issue of damages.

**8. Damages**

It is Dealer Trade's burden to prove the amount of its damages. *Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1131 (C.D. Cal. 2023). Dealer Trade submitted evidence establishing Leeder reversed the $3,000 credit card charge. (Doc. 62-1 at 1.) That is the only amount Dealer Trade seeks to recover and Dealer Trade is entitled to that amount.

Dealer Trade requests an award of prejudgment interest measured from July 13, 2022 (the date of the charge back) to the present. Arizona law provides "prejudgment interest on a liquidated claim is a matter of right in a contract action." *Hall v. Elected Officials' Ret. Plan*, 383 P.3d 1107, 1120 (Ariz. 2016) (simplified). Dealer Trade is required to submit a proposed form of judgment that includes the appropriate amount of prejudgment interest.

**III. Attorneys' Fees**

Dealer Trade seeks an award of its attorneys' fees. Arizona law authorizes an award of "reasonable attorney fees" to the "successful party" in a contract action. A.R.S. § 12-341.01(A). In determining whether an award is appropriate, the court considers six factors:

> (1) whether the unsuccessful party's claim or defense was meritorious; (2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result; (3) whether assessing fees against the unsuccessful party would cause an extreme hardship; (4) whether the successful party prevailed with respect to all of the relief sought; (5) whether the legal question presented was novel and whether such claim or defense have

> previously been adjudicated in this jurisdiction; and (6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees.

*Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1049 (Ariz. 1985). "[T]he weight given to any one factor is within the court's discretion." *Moedt v. Gen. Motors Corp.*, 60 P.3d 240, 245 (Ariz. Ct. App. 2002).

Leeder's decision to abandon its claims and defenses midway through this case makes it difficult to provide a full analysis of the factors. Based on the limited record available, almost all of the factors support an award of fees: Leeder's defense of Dealer Trade's breach of contract claim was not meritorious, Dealer Trade prevailed as a result of its own efforts, it would not cause extreme hardship to Leeder to award fees, the legal question was not novel, and awarding fees to Dealer Trade would not discourage other parties from bringing legitimate claims. The only factor weighing against an award of fees is that Dealer Trade did not prevail on its claim for breach of implied covenant of good faith and fair dealing. But on balance the factors establish an award of fees is appropriate.

Having determined Dealer Trade is entitled to an award of fees, the final question is the reasonable amount. "A reasonableness determination ordinarily requires the Court to evaluate 1) the quality of the advocacy; 2) the character of the work; 3) the work actually performed; 4) the result; and 5) the reasonableness of the billing rate and hours reasonably expended." *JBS Tolleson Inc. v. Ammonia Refrigeration Inc.*, No. CV-21-00688-PHX-JJT, 2022 WL 18495257, at *2 (D. Ariz. Dec. 1, 2022). In addition, Local Rule of Civil Procedure 54.2(c)(3) sets forth thirteen factors the court may consider when reviewing a fee request for reasonableness. Those factors include matters such as "[t]he novelty and difficulty of the questions presented" and "[t]he skill requires to perform the legal service properly."

Dealer Trade's counsel expended a total of 52.6 hours in defending against Leeder's claims and pursuing the counterclaims. (Doc. 63 at 3.) Of that total, 47.4 hours were spent providing services at $300 per hour, and 5.2 hours at $250 per hour. (Doc. 63 at 3.) Dealer

Trade seeks a total award of $15,520.

Based on the court's familiarity with the complexity of this case, hourly rates in the community, and the amount of time necessary to litigate a case such as this, the hourly rates and number of hours expended by Dealer Trade's counsel are reasonable. Dealer Trade is entitled to the full award it seeks.

Accordingly,

**IT IS ORDERED** the Motion (Doc. 62) is **GRANTED**. The claims filed by William Barta and Leeder Automotive LLC are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** the answers to the counterclaims (Doc. 40, 41) are **STRICKEN**.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter the defaults of William Barta and Leeder Automotive LLC.

**IT IS FURTHER ORDERED** the Motion for Attorney Fees (Doc. 63) is **GRANTED**.

**IT IS FURTHER ORDERED** within **ten days** of this order Dealer Trade shall file a proposed form of judgment that reflects $3,000 in damages and the exact amount of prejudgment interest.

Dated this 3rd day of June, 2025.

**Honorable Krissa M. Lanham**
**United States District Judge**